**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF RHODE ISLAND (PROVIDENCE)**

IN RE:

Ivy Nimley,
Debtor

Case No. 1:19-bk-10939-DF
Chapter 13

## OBJECTION TO DEBTORS' CHAPTER 13 PLAN

U.S. Bank N.A., as Trustee, on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-CH2 Asset Backed Pass-Through Certificates, Series 2006-CH2 ("Creditor") files this objection to Ivy Nimely's ("Debtor") chapter 13 plan ("Plan") as it does not pay Creditor's claim in full and is not feasible.  In support, Creditor states as follows:

1.  The Creditor is the holder of the first mortgage ("Mortgage") on the Debtor's real property located 164 Courtland Street, Providence, RI ("the Investment Property"). Claim 5.

2.  At the time of the Debtor's filing on February 20, 2020, the Mortgage was in default with a pre-petition arrearage of $16,408.74 and a total debt of $336,755.43. *Id.*; Document 1.

3.  Creditor objects to the Debtor's Plan as the Plan fails to pay the full value of Creditor's claim as of the effective date. 11 U.S.C. § 1325 (a)(5)(B)(ii).  More specifically, the Debtor's Plan identifies that she will "cure and maintain" the Mortgage by making payments to cure the pre-petition default and maintaining the Mortgage going forward. Document 15; 11 U.S.C. §1322(b)(5)  Yet, she has only elected to cure $6,471.76 of the $16,408.74 pre-petition arrears that were due. *Compare* Document 15 *with* Claim 5.  As a result, the Plan must be denied as the Debtor will still have a short-fall at the end of her case should it reach completion.

4.  Creditor also objects to the Debtor's Plan as it is not feasible as she cannot afford to keep both her Investment Property and her residence, 160-162 Courtland Street, Providence, RI, ("Residence").[1]

---

[1] Debtor lists the Residence as the place where she lives on her Form 101. Document 1, ¶5.



5.  Under a hypotheical "cure and maintain plan" that correctly treats the Investment Property, Debtor would need to pay approcixmately $273.47[2] per month as a "cure" payment. 11 U.S.C. 1322(b)(5). Debtor would also need to pay the on-going monthly $1,794.16 mortgage payment. Claim 5. Meaning, in total, Debtor must pay Creditor approximately $2,067.63[3] per month to come close to a successful reorganization.

6.  Indeed, the Debtor's Plan identifies she will make on going payments to Creditor. Document 15. But, her schedules are not drafted in harmony with this assessment. On her Schedule J, she states: "Rental or home ownership expenses for your residence… $0.00." Document 12, ¶4. If her schedules were properly drafted, this amount should really reflect: $1,794.16 (Creditor's Investment Property Mortgage payment amount). Claim 5. What this means is that the Debtor's net income calculation of $3,793.62, is miscalculated and overstated. Document 12, ¶23c. If all the other figures and deductions are correct, Debtor's *real* net income calculation should reflect $1,999.46.[4]

7.  The Debtor's mistake in calculating her net income is significant. Aside from treating the Investment Property, she also has the goal of "craming down" her mortgage on her Residence as well. Document 15. In cramming down the Residence's value to $162,000.00, she must, as dictated in her Plan, pay the Trustee a monthly payment of $3,094.39. *Id*. This payment is not feasible with a net income of $1,999.46.

8.  Consistent with these notions, the Debtor would need to pay a minimum of $5,162.02[5] a month to keep both properties. This is unlikely with a monthly *gross* income of $5,196.84. Document 12. This notion is further buttressed when considereing the "cramdown payment" *only* covers principal and interest and does not incorporate taxes or insurance for the Property (which are required). *See*

---

[2] $16,408.74 / 60 = $273.479. This presumes that the Debtor will amortize payments over the maximum 60-month period allowed. *See* 11 U.S.C. 1325(b)(4). The Debtor's case has been pending since February and the 60-month timeframe is likely inapplicable at this point, however. *See* Document 1.

[3] $1,794.16 + $273.47 = $2,067.63.

[4] $3,793.62 - $1,794.16 = $1,999.46

[5] $2,067.63 + $3,094.39 = $5,162.02.

Document 15.  Simply stated, the Debtor's Plan cannot be confirmed because her debt obligations exceed her revenues (even without incorporating basic, day-to-day living expenses).

9.  In sum, the Plan is not feasible -- even giving Debtor the benefit of a "cramdown."[6] As the Plan fails to comply with 11 U.S.C. 1325(a)(6), it must be denied.

WHEREFORE, Creditor respectfully requests that this Court deny the Debtor's Plan and for any other relief deemed just and proper.

Respectfully submitted,
**U.S. Bank N.A., as Trustee, on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-CH2 Asset Backed Pass-Through Certificates, Series 2006-CH2,**
By its Attorney,

/s/ Keith J. McCarthy
Keith J. McCarthy, Esq.
RI Bar Number: 9346
Harmon Law Offices, P.C.
PO Box 610389
Newton Highlands, MA 02461
(617)558-0500
ribk@harmonlaw.com

Dated: 4/28/2020

---

[6] The legal issue of whether or not Debtor is entitled to "cramdown" the Residence's mortgage is contested and set for an evidentiary hearing. *See* Document 38.

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND (PROVIDENCE)**

| | |
|---|---|
| IN RE:<br><br>Ivy K. Nimley,<br>Debtor | CHAPTER 13<br>CASE NO. 20-10202-DF |

**CERTIFICATE OF SERVICE**

     I, Keith J. McCarthy, Esq., state that on April 28, 2020, I electronically filed the foregoing document with the United States Bankruptcy Court for the District of Rhode Island using the CM/ECF System.  I served the foregoing document on the following CM/ECF participants:

Bernard J. Lemos
Carson M Shea
Peter F. Carr, II
Jennifer L. Joubert
John Boyajian
Gary L. Donahue

I certify that I have mailed by first class mail, postage prepaid, the documents electronically filed with the Court on the following non CM/ECF participants:

Ivy K. Nimley
P.O. Box 72808
Providence, RI 02907-0808

                                      Respectfully submitted,

                                      **U.S. Bank N.A., as Trustee, on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-CH2 Asset Backed Pass-Through Certificates, Series 2006-CH2,**
                                      By its Attorney,

                                      /s/ Keith J. McCarthy
                                      Keith J. McCarthy, Esq.
                                      RI Bar Number: 9346
                                      Harmon Law Offices, P.C.
                                      PO Box 610389
                                      Newton Highlands, MA 02461
                                      (617)558-0500
                                      ribk@harmonlaw.com

Dated: 4/28/2020